Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

JOSE ORTIZ GARCIA, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

TALIA'S RESTAURANT GROUP LLC (D/B/A WEST SIDE WOK & KONATA SUSHI BAR) (A/K/A SHAWARMA SHABAZI), THE NAGAR ORGANIZATION INC (D/B/A TALIA'S STEAKHOUSE & BAR), EPHRAIM NAGAR, DAVID SARDI, AND DANIEL NAGAR,

*Defendants.*

---------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Jose Ortiz Garcia ("Plaintiff Ortiz" or "Mr. Ortiz"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., alleges upon information and belief, and as against each of Defendants Talia's Restaurant Group LLC (d/b/a West Side Wok & Konata Sushi Bar), (a/k/a Shawarma Shabazi), The Nagar Organization Inc (d/b/a Talia's Steakhouse & Bar), ("Defendant Corporations"), Ephraim Nagar, David Sardi and Daniel Nagar ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Ortiz is a current employee of Defendants Talia's Restaurant Group LLC (d/b/a West Side Wok & Konata Sushi Bar), (a/k/a Shawarma Shabazi), The Nagar Organization Inc (d/b/a Talia's Steakhouse & Bar), Ephraim Nagar, David Sardi and Daniel Nagar.

2. West Side Wok & Konata Sushi Bar, and Talia's Steakhouse & Bar and Shawarma Shabaz are Kosher restaurants owned by Ephraim Nagar and Daniel Nagar located at 668 Amsterdam Avenue, New York, New York 10025.

3. West Side Wok & Konata Sushi was originally located at 691 Amsterdam Avenue, New York, NY 10025, and owned by David Sardi.

4. Upon information and belief, Defendants Ephraim Nagar, David Sardi, and Daniel Nagar serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate or operated the Kosher restaurants.

5. Plaintiff Ortiz is a current employee of Defendants.

6. Plaintiff Ortiz has been employed as a delivery worker at West Side Wok & Konata Sushi Bar, Talia's Steakhouse & Bar and Shawarma Shabazi located at 691 Amsterdam Avenue and 668 Amsterdam Avenue, New York, New York 10025.

7. Plaintiff Ortiz has ostensibly been employed as a delivery worker. However, he is required to spend a considerable part of his workday performing non-tipped duties, including but not limited to shopping at the market every day, painting the basement, carrying down and accommodating deliveries in the basement, refilling the freezer with chicken, carrying down vegetables to the basement and accommodating those items around the basement (hereafter the "non-tipped duties").

8. At all times relevant to this Complaint, Plaintiff Ortiz has worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate overtime compensation for the hours that he has worked.

9. Rather, Defendants have failed to maintain accurate recordkeeping of his hours worked, have failed to pay Plaintiff Ortiz the applicable minimum wage, and have failed to pay him appropriately for any hours works over 40, either at the straight rate of pay or for any additional overtime premium.

10. Further, Defendants have failed to pay Plaintiff Ortiz the required "spread of hours" pay for any day in which he has worked over 10 hours per day.

11. Defendants employ and account for Plaintiff Ortiz as a delivery worker in their payroll, but in actuality his duties require a significant amount of time spent performing the non-tipped duties alleged above.

12. Regardless, at all relevant times, Defendants have paid Plaintiff Ortiz at a rate that is lower than the required minimum wage rate.

13. However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because Plaintiff Ortiz's non-tipped duties exceed 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

14. Upon information and belief, Defendants employ the policy and practice of disguising Plaintiff Ortiz's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allows Defendants to avoid paying Plaintiff Ortiz at the minimum wage rate and enables them to pay him at the tip-credit rate.

15. In addition, Defendants maintain a policy and practice of unlawfully appropriating Plaintiff Ortiz's tips.

16. Defendants' conduct extends beyond Plaintiff Ortiz to all other similarly situated employees.

17. At all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff Ortiz and other employees to work in excess of forty (40) hours per week without providing them the minimum wage or overtime compensation required by federal and state law and regulations.

18. Plaintiff Ortiz now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

19. Plaintiff Ortiz seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Ortiz's state law claims is conferred by 28 U.S.C. § 1367(a).

21. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims have occurred in this district, Defendants operate their businesses in this district, and Plaintiff Ortiz is employed by Defendants in this district.

## PARTIES

*Plaintiff*

22. Plaintiff Ortiz is an adult individual residing in New York County, New York.

23. Plaintiff Ortiz is employed by Defendants at West Side Wok & Konata Sushi Bar at 691 Amsterdam Avenue from approximately November 2019 until on or about March 2026 and at West Side Wok & Konata Sushi Bar, Shawarma Shabazi, and Talia's Steakhouse & Bar at 668 Amsterdam Avenue from March 2026 to the current date.

24. Plaintiff Ortiz consents to being a party plaintiff, pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

25. At all times relevant to this complaint, Defendants own, operate, and/or controls one kosher restaurants, West Side Wok & Konata Sushi Bar, located at 691 Amsterdam Avenue, New York, NY 10025, and three kosher restaurants West Side Wok & Konata Sushi Bar, Talia's Steakhouse & Bar and Shawarma Shabazi located at 668 Amsterdam Avenue, New York, New York 10025.

26. Upon information and belief, Talia's Restaurant Group LLC is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 668 Amsterdam Avenue, New York, New York 10025.

27. Upon information and belief, The Nagar Organization Inc is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 668 Amsterdam Avenue, New York, New York 10025.

28. Defendant Ephraim Nagar is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Ephraim Nagar is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Ephraim Nagar possesses or possessed operational control over Defendant Corporations, has an ownership interest in Defendant Corporations, and/or controls significant functions of Defendant Corporations. Defendant Ephraim Nagar determines the wages and compensation of the employees of Defendants, including Plaintiff Ortiz, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29. Defendant David Sardi is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant David Sardi is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant David Sardi possesses or possessed operational control over Defendant Corporations, has an ownership interest in Defendant Corporations, and/or controls significant functions of Defendant Corporations. Defendant David Sardi determines the wages and compensation of the employees of Defendants, including Plaintiff Ortiz, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

30. Defendant Daniel Nagar is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Daniel Nagar is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Daniel Nagar possesses or possessed operational control over Defendant Corporations, has an ownership interest in Defendant Corporations, and/or controls significant functions of Defendant Corporations. Defendant Daniel Nagar determines the wages and compensation of the

employees of Defendants, including Plaintiff Ortiz, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

31. Defendants operate three Kosher restaurants located in the Upper West Side section of Manhattan in New York City.

32. Individual Defendants Ephraim Nagar, David Sardi, and Daniel Nagar possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

33. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

34. Each Defendant possesses substantial control over Plaintiff Ortiz's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ortiz, and all similarly situated individuals, referred to herein.

35. Defendants jointly employ Plaintiff Ortiz, and all similarly situated individuals, and are Plaintiff Ortiz's (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

36. In the alternative, Defendants constitute a single employer of Plaintiff Ortiz and/or similarly situated individuals.

37. Upon information and belief, individual defendants Ephraim Nagar, David Sardi, and Daniel Nagar, operate Defendant Corporations as either alter egos of themselves, and/or fail

to operate Defendant Corporations as legal entities separate and apart from themselves by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b) defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporations for their own benefit and maintaining control over them as closed corporations or closely controls entities;

(f) intermingling assets and debts of their own with those of Defendant Corporations;

(g) diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

38. At all relevant times, Defendants were Plaintiff Ortiz's employers within the meaning of the FLSA and NYLL.

39. Defendants have had the power to hire and fire Plaintiff Ortiz, have controlled the terms and conditions of his employment, and have determined the rate and method of any compensation in exchange for Plaintiff Ortiz's services.

40. In each year from 2020 to 2026, Defendants, both individually and jointly, have had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41. In addition, upon information and belief, Defendants and/or their enterprises are directly engaged in interstate commerce. For example, numerous items that are sold in the Kosher restaurants on a daily basis, such as curry sauce and Kosher beer, are produced outside of the State of New York.

*Individual Plaintiff*

42. Plaintiff Ortiz is a current employee of Defendants, who ostensibly has been employ as a delivery worker. However, he has spent over 20% of each shift performing the non-tipped duties described above.

43. Plaintiff Ortiz seeks to recurrent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jose Ortiz Garcia*

44. Plaintiff Ortiz is employed by Defendants at West Side Wok & Konata Sushi Bar at 691 Amsterdam Avenue from approximately November 2019 until on or about March 2026 and at West Side Wok & Konata Sushi Bar, Shawarma Shabazi, and Talia's Steakhouse & Bar at 668 Amsterdam Avenue from March 2026 to the current date.

45. Defendants ostensibly have employed Plaintiff Ortiz as a delivery worker.

46. However, Plaintiff Ortiz also has been required to spend a significant portion of his work day performing the non-tipped duties described above.

47. Although Plaintiff Ortiz ostensibly is employed as a delivery worker, he spends over 20% of each day performing non-tipped work throughout his employment with Defendants.

48. Plaintiff Ortiz regularly has handled goods in interstate commerce, such as Kosher seasoning and Kosher beer produced outside of the State of New York.

49. Plaintiff Ortiz's work duties have required neither discretion nor independent judgment.

50. Throughout his employment with Defendants, Plaintiff Ortiz regularly has worked in excess of 40 hours per week.

51. From approximately September 2020 until on or about December 2022, Plaintiff Ortiz worked at West Side Wok & Konata Sushi Bar located at 691 Amsterdam Avenue from approximately 11:30 a.m. until on or about 12:00 a.m. Sundays through Thursdays and from approximately 11:30 a.m. until on or about 6:00 p.m. on Fridays (typically 69 hours per week).

52. From approximately January 2023 until on or about March 2026, Plaintiff Ortiz worked at West Side Wok & Konata Sushi Bar located at 691 Amsterdam Avenue from approximately 11:30 a.m. until on or about 10:30 p.m. Sundays through Thursdays and from approximately 11:30 a.m. until on or about 4:30 p.m. on Fridays (typically 60 hours per week).

53. From approximately March 2026 until the current date, Plaintiff Ortiz has worked at the 668 Amsterdam Avenue location from approximately 11:30 a.m. until on or about 10:00 p.m. Sundays through Thursdays and from approximately 11:30 a.m. until on or about 4:00 p.m. on Fridays (typically 57 hours per week).

54. From approximately September 2020 until on or about December 2022, Defendants paid Plaintiff Ortiz his wages by business check.

55. From approximately January 2023 until the current date, Defendants have paid Plaintiff Ortiz his wages by business check and his tips by personal check.

56. From approximately September 2020 until on or about December 2020, Defendants paid Plaintiff Ortiz a fixed salary of $320.00 per week.

57. From approximately January 2021 until on or about December 2023, Defendants paid Plaintiff Ortiz $10.00 per hour for the first 40 hours and $15.00 per hour for the overtime hours.

58. From approximately January 2024 until on or about December 2025, Defendants paid Plaintiff Ortiz $11.00 per hour for the first 40 hours and $16.50 for the overtime hours.

59. From approximately January 2026 until the current date, Defendants have paid Plaintiff Ortiz $11.35 per hour for the first 40 hours and $17.00 per hour for the overtime hours.

60. For six weeks in 2026, Defendants have not paid Plaintiff Ortiz any wages for his hours worked.

61. In addition, for 13 weeks in 2026, Defendants have not paid Plaintiff Ortiz the tips he has earned.

62. Plaintiff Ortiz has never been notified by Defendants that his tips were being included as an offset for wages.

63. Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Ortiz's wages.

64. Defendants have withheld a portion of Plaintiff Ortiz's tips; specifically, Adam, Defendants manager, withheld any credit card tips over $5.00 clients paid for Plaintiff Ortiz.

65. Plaintiff Ortiz was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

66. No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Ortiz regarding overtime and wages under the FLSA and NYLL.

67. Defendants have not provided Plaintiff Ortiz an accurate statement of wages, as required by NYLL 195(3).

68. Defendants have not given any notice to Plaintiff Ortiz, in English and in Spanish (Plaintiff Ortiz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

69. As a result of Defendants' failure to provide Plaintiff Ortiz with a Notice of Pay Rate or accurate wage statements with each payment of wages, he has been prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

70. Defendants have required Plaintiff Ortiz to purchase "tools of the trade" with his own funds—including three electric bicycles, three helmets, bicycle lock and $200 per month in bicycle repair and maintenance.

*Defendants' General Employment Practices*

71. At all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff Ortiz (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage, overtime compensation and/or spread of hours pay, as required by federal and state laws.

72. Defendants have required Plaintiff Ortiz and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

73. Plaintiff Ortiz and all similarly situated employees, ostensibly are employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

74. Plaintiff Ortiz's duties are not incidental to his occupation as a tipped worker, but instead constitute entirely unrelated general Kosher restaurant work with duties, including the non-tipped duties described above.

75. Plaintiff Ortiz and all other tipped workers are paid at a rate that is lower than the minimum wage rate by Defendants.

76. However, under state law, Defendants are not entitled to a tip credit because the tipped worker's and Plaintiff Ortiz's non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

77. New York State regulations provides that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

78. In violation of federal and state law as codified above, Defendants have classified Plaintiff Ortiz and other tipped workers as tipped employees and have paid them at a rate that is lower than the minimum wage rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

79. Defendants have failed to inform Plaintiff Ortiz who received tips that Defendants intended to take a deduction against Plaintiff Ortiz's earned wages for tip income, as required by the NYLL before any deduction may be taken.

80. Defendants have failed to inform Plaintiff Ortiz who received tips, that his tips were being credited towards the payment of the minimum wage.

81. Defendants have failed to maintain a record of tips earned by Plaintiff Ortiz who works as a delivery worker for the tips he received.

82. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Ortiz who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This pattern, practice and/or policy included depriving a delivery worker of the credit card tips earned during the course of employment.

83. Defendants unlawfully have misappropriated charges purported to be gratuities received by Plaintiff Ortiz, in violation of New York Labor Law § 196-d (2007).

84. Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit or pay them the full hourly minimum wage.

85. Defendants willfully have disregarded and purposefully have evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

86. Plaintiff Ortiz is a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying the wages he is owed for the hours he has worked.

87. Defendants willfully have disregarded and purposefully have evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

88. Defendants have failed to post required wage and hour posters in the Kosher restaurants, and have not provided Plaintiff Ortiz with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Ortiz's relative lack of sophistication in wage and hour laws.

89. Upon information and belief, these practices by Defendants are done willfully to disguise the actual number of hours Plaintiff Ortiz (and similarly situated individuals) have worked, and to avoid paying Plaintiff Ortiz properly for (1) his full hours worked, (2) minimum wage and (3) overtime wages.

90. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

91. Defendants' unlawful conduct is intentional, willful, in bad faith, and has caused significant damages to Plaintiff Ortiz and other similarly situated workers.

92. Defendants have failed to provide Plaintiff Ortiz and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

93. Defendants have failed to provide Plaintiff Ortiz and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

94. As a result of Defendants' failure to provide Plaintiff Ortiz and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Ortiz and other employees are prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

**FLSA COLLECTIVE ACTION CLAIMS**

95. Plaintiff Ortiz brings his FLSA minimum and overtime wages and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all similarly situated persons who are or were employ by Defendants, or any of them, on

or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

96. At all relevant times, Plaintiff Ortiz and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Ortiz's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

97. The claims of Plaintiff Ortiz stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

98. Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

99. At all times relevant to this action, Defendants have been Plaintiff Ortiz's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Ortiz (and the FLSA class members), controls the terms and conditions of employment, and determines the rate and method of any compensation in exchange for their employment.

100. At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

101. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

102. Defendants have failed to pay Plaintiff Ortiz (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

103. Defendants' failure to pay Plaintiff Ortiz (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

104. Plaintiff Ortiz (and the FLSA Class members) have been damaged in an amount to be determines at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

105. Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

106. At all times relevant to this action, Defendants have been Plaintiff Ortiz's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Ortiz (and the FLSA class members), controls the terms and conditions of employment, and determines the rate and method of any compensation in exchange for his employment.

107. At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

108. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

109. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, have failed to pay Plaintiff Ortiz (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour works in excess of forty hours in a workweek.

110. Defendants' failure to pay Plaintiff Ortiz (and the FLSA Class members) overtime compensation is willful within the meaning of 29 U.S.C. § 255(a).

111. Plaintiff Ortiz (and the FLSA Class members) have been damaged in an amount to be determines at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE RATE**

112. Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

113. At all times relevant to this action, Defendants have been Plaintiff Ortiz's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Ortiz (and the FLSA Class members), controls terms and conditions of employment, and determines the rates and methods of any compensation in exchange for employment.

114. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiff Ortiz (and the FLSA Class members) less than the minimum wage.

115. Defendants' failure to pay Plaintiff Ortiz (and the FLSA Class members) minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

116. Plaintiff Ortiz (and the FLSA Class Members) have been damaged in an amount to be determines at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK STATE**

**LABOR LAW'S OVERTIME PROVISIONS**

117. Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

118. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiff Ortiz (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour works in excess of forty hours in a workweek.

119. Defendants have failed to pay Plaintiff Ortiz (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

120. Defendants' failure to pay Plaintiff Ortiz (and the FLSA Class members) overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

121. Plaintiff Ortiz (and the FLSA Class Members) have been damaged in an amount to be determines at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE**

**ORDER OF THE NEW YORK COMMISSIONER OF LABOR**

122. Plaintiff Ortiz repeats and re-alleges all paragraphs above as though fully set forth herein.

113. Defendants have failed to pay Plaintiff Ortiz (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Ortiz's spread of hours exceed ten hours in violation of New York Lab. Law §§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

123. Defendants' failure to pay Plaintiff Ortiz (and the FLSA Class members) an additional hour's pay for each day Plaintiff Ortiz's (and the FLSA Class members) spread of hours exceed ten hours is willful within the meaning of New York Lab. Law § 663.

124. Plaintiff Ortiz (and the FLSA Class members) have been damaged in an amount to be determines at trial.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

125. Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

126. Defendants have failed to provide Plaintiff Ortiz with a written notice, in English and in Spanish (Plaintiff Ortiz's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

127. As a result of Defendants' failure to furnish accurate statements to Plaintiff Ortiz, Defendants have violated the NYLL and/or applicable regulations thereunder, including, inter alia,

NYLL § 195.

128. Defendants are liable to Plaintiff Ortiz in the amount of $5,000, together with costs and attorney's fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

129. Plaintiff Ortiz repeats and realleges all paragraphs above as though set forth fully herein.

130. Defendants have not provided Plaintiff Ortiz with a statement of wages with each payment of wages, as required by NYLL 195(3).

131. As a result of Defendants' failure to furnish accurate statements to Plaintiff Ortiz, Defendants have violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

132. Defendants are liable to Plaintiff Ortiz in the amount of $5,000, together with costs and attorney's fees.

**EIGHTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

133. Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

134. Defendants have required Plaintiff Ortiz to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. §

206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

135. Plaintiff Ortiz has been damaged in an amount to be determines at trial.

**NINTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

136. Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

137. At all relevant times, Defendants have been Plaintiff Ortiz's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

138. New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

139. Defendants unlawfully have misappropriated a portion of Plaintiff Ortiz's tips that were received from customers.

140. Defendants knowingly and intentionally have retained a portion of Plaintiff Ortiz's tips in violations of the NYLL and supporting Department of Labor Regulations.

141. Plaintiff Ortiz has been damaged in an amount to be determines at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ortiz respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be FLSA class members in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ortiz and the FLSA class members

(c) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ortiz and the FLSA class members;

(d) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under the FLSA with respect to Plaintiff Ortiz's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiff Ortiz and the FLSA class members;

(f) Awarding Plaintiff Ortiz and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g) Awarding Plaintiff Ortiz and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ortiz and the members of the FLSA

Class

(i) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ortiz and the members of the FLSA Class;

(j) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Ortiz;

(k) Declaring that Defendants have violated the timely payment provisions of the NYLL as to Plaintiff Ortiz and the members of the FLSA Class;

(l) Declaring that Defendants have violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Ortiz's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(m) Declaring that Defendants' violations of the New York Labor Law are willful as to Plaintiff Ortiz and the FLSA Class members;

(n) Awarding Plaintiff Ortiz and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as spread of hours pay under the NYLL as applicable;

(o) Awarding Plaintiff Ortiz damages for Defendants' violation of the NYLL timeliness, notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p) Awarding Plaintiff Ortiz and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(q) Awarding Plaintiff Ortiz and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r) Awarding Plaintiff Ortiz and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(s) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Ortiz demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
September 21, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

*/s/ Michael Faillace*
By: Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Sep 04, 2026

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Jose Ortiz Garcia

Legal Representative / Abogado: Michael Faillace & Associates P.C.

Signature / Firma: X ______________________

Date / Fecha: Sep 04, 2026